## Weiss v. Chester City School District.

John V. Diggins and John B. Hannum, Jr., for plaintiff.

Paul Lane Ives, for defendant.

BROOMALL, J., October 17, 1930.—This is an action in assumpsit, brought by George H. Weiss against the School District of the City of Chester to

recover the amount of the salary claimed to be due to plaintiff for services rendered to the school district by him as district superintendent of the school district for the periods from September 15, 1928, to October 19, 1928, and from December 15, 1928, to May 13, 1929.

Defendant's contention was that the election of plaintiff did not conform to the provisions of section 1134 of the School Code, relating to the election of district superintendents; that the provisions of this section are mandatory and that, these provisions not having been complied with, the election was a nullity and, therefore, plaintiff is not entitled to recover any amount here.

The section of the School Code referred to, as amended by the Act of May 23, 1923, P. L. 349, section 2, is as follows:

"The boards of school directors of each district of the second or third class, electing a district superintendent, shall meet in convention at its regular place of meeting, on the second Tuesday of April, one thousand nine hundred and eighteen (1918), and every four years thereafter, at an hour previously fixed by said board; and the secretary shall mail to each member thereof, at least five days beforehand, a notice of the time, place, and purpose of such convention. Such convention shall, in the same manner as a county superintendent is elected and certified, elect and certify a properly qualified district superintendent, to serve for four years from the first Monday of July next following his election: Provided, That on the second Tuesday of April, one thousand nine hundred and twenty-six (1926) such district superintendents shall be elected as herein provided, to serve from the first Monday of May, one thousand nine hundred and twenty-six, until the first Monday of July, one thousand nine hundred and thirty (1930)."

Quoting with slight modification from the brief of defendant on the pending motion we may say of the essential facts: The undisputed testimony is that plaintiff was elected on January 20, 1928, to serve until the first Monday of July, 1930, at a salary of $7500 per annum, the election being set forth in a copy of the minutes of the school board dated January 20, 1928, the election being for an unexpired term. Plaintiff thereafter took the oath of office as district superintendent of the school district and received a commission from the Department of Public Instruction at Harrisburg. Plaintiff continued to serve from February 15, 1928, until May 13, 1929, when his resignation became effective. Meanwhile, on or about September 22, 1928, the treasurer of the school district received notice from James L. Rankin, Esq., that plaintiff had not been properly elected to office and that, therefore, his salary should not be paid. No salary was paid from September 16, 1928, to October 18, 1928, and on October 12, 1928, the then board of school directors commenced proceedings in an endeavor to ratify the election of plaintiff by reëlecting him to the office of superintendent, and plaintiff again took the oath of office and again received a commission from the Department of Public Instruction at Harrisburg. On October 18, 1928, the payment of plaintiff's salary was resumed and continued until December 15, 1928, when payment again was stopped and no further payments were made up to the date that plaintiff's resignation became effective on May 13, 1929. The election of plaintiff on January 20, 1928, was held at a special meeting of the board of school directors called for the transaction of general business, no notice having been given of the purpose, and the time not having been fixed by prior action of the board, which did not meet as a convention. The five days' notice of the convention required by section 1134 was not given, nor was there any organization of a convention by the election of the president, secretary and tellers, nor were ballots cast at the said election. As to the second

election on October 18, 1928, the five days' notice was proved to have been given to the members of the board, but no tellers were elected nor were any ballots cast for the nominee.

The sole question raised is whether the failure of the board, in electing plaintiff, to comply with all the formal requirements of section 1134 of the School Code was a defense to the action of plaintiff for the salary for his services.

The contention of defendant is that all of the formal requirements of section 1134 are mandatory; that, admittedly, all of these requirements were not complied with at either meeting and that this failure is fatal to plaintiff's case. Whether or not there would be force in this contention if plaintiff had been elected for a full four-year term prior to the expiration of the term of his predecessor we are not here called upon to decide. It is admitted that plaintiff was elected to fill an unexpired term which would have lasted at the most for slightly over two years. As we view it, the formal provisions of section 1134 apply only to the first election of the district superintendent in the school districts of the second and third class or to an election which would have been held on the second Tuesday of April of the year which is the multiple of four following the second Tuesday of April, 1918. Plaintiff here was elected under the terms of the provision of section 1139 of the School Code, which provides that "Any vacancy in the position of the district superintendent or assistant district superintendent shall be filled, by the board of the school directors, for the remainder of the term." It will be noted that this section says nothing whatever as to the manner in which the election to fill the vacancy shall be held, although section 1140 immediately following, of the Code of 1911, provides that "Any school district of the second or third class having no district superintendent may elect a district superintendent before the regular time fixed for the election of the district superintendents, in the manner herein provided, and he shall serve until the date when the terms of the other district superintendents end." It will be seen, therefore, that, while section 1134 sets forth specifically the manner to be followed in the election of a superintendent who is to hold office for a full four-year term, which shall begin on the first Monday of July following his election, and while section 1140 again provides for the manner of electing a superintendent for the first time in a district of the second or third class, section 1139, which provides for the filling of a vacancy after a district superintendent has been reëlected, is totally silent as to the manner of election. We think that this omission from section 1139 clearly indicates the legislative intention that the procedure in an election to fill a vacancy should not be subject to the same formalities as the election for a full term and that in filling such a vacancy, if the school board complied with the requirements of section 403, namely, by giving the affirmative vote of a majority of all the members of the board of school directors duly recorded, showing how each member voted, the election would be valid in all respects.

The learned counsel for defendant frankly admits that he has been unable to find any authority in support of defendant's position. We have been unable to find any, and we feel that, for the reasons above stated, defendant's contention cannot logically be sustained and that its motion for judgment *non obstante veredicto* should be discharged.

And now, October 17, 1930, the motion for judgment *non obstante veredicto* is discharged and the prothonotary is directed to enter judgment on the verdict.

From William R. Toal, Media, Pa.